# CLAIM & SETTLEMENT OFFER FOR FIXED PRICE SERVICE CONTRACT #W912D1-04-P-0931

## INTRODUCTION

This is an offer for settlement for contract #W912D1-04-P-0931 which is between the US Army Contracting Command SWA-Kuwait ("ARCENT-KU"), and Jasmine Trading & Service Co. ("Jasmine") awarded September 28, 2004, with the period of performance being from September 28, 2004 to July 1, 2006. A copy of the contract is found in Appendix 1. The Amendment to this contract, modification number P00005, is submitted as Appendix 2. This claim and settlement offer includes reimbursement of lost costs, lost profits and settlement expenses. At this time, Jasmine is willing to accept **272,407.655 KWD** as full and final settlement.

## BACKGROUND

The subject contract is the result of ARCENT-KU solicitation #W912D1-04-R-0029 issued August 18, 2004. Jasmine was awarded contract #W912D1-04-P-0931 with effective date September 28, 2004.

In furtherance of the contract and its preceding negotiations, Jasmine took immediate steps to obtain equipment and supplies, acquire workers, maintain latrines, and all other necessary requirements to perform its obligations, both anticipated and ultimate, to service 400 latrines as described in CLIN 0001. (Page 11 of contract submitted as Appendix 1.)

Prior to the expiration of CLIN 0001 on January 28, 2005, Jasmine was given a verbal notice to proceed on CLIN 1001 from the contracting officer representative. On July 14, 2005, the Government verbally requested that Jasmine begin provisions and services of an additional 21 portal toilets to the 400 that were being serviced for contract #W912D1-04-P-0931. Proper documentation to support this verbal request was promised to Jasmine at a later date. Notice was given to proceed with CLIN 1002 and 1003, supported by BPA CALL P00005, signed on August 15, 2005. (Appendix 2)

Jasmine never received an amendment to contract #W912D1-04-P-0931 for the additional 21 latrines. However, NCOIC SFC Terrence Blackwell signed Jasmine invoice numbers 1016,1017 and 1018 for services rendered on 421 latrines, supporting the claim that 21 portal toilets had been added. (Appendix 3)

Jasmine believes that proper documentation was never submitted to the finance department for additional funds for the extra 21 latrines. CLIN's 1001 and 1002 were being paid until the additional 21 latrines became involved. Jasmine was paid in full for CLIN 1001 and given partial payment on CLIN 1002. No payments were made for services provided on CLIN 1003 as evidenced by invoice numbers 1019 and 1020, submitted as Appendix 4.

In a letter dated February 27, 2006, Jasmine was given notice of a proposed debarment from the United States Army Procurement Fraud Branch. That same day, a letter was sent via e-mail and fax to Jasmine stating that Jasmine was to remove all latrines from Camp Arifjan immediately since contract number W912D1-04-P-0931 had ended on September 30, 2005 (Appendix 5). The actions of Army personnel and ARCENT-KU do not support the letter's

assertion that the contract had ended. Army personnel on Camp Arifjan had continued to send memos after September 30, 2005 requesting services under contract #W912D1-04-P-0931. (Appendix 6) ARCENT-KU made a partial payment in January, 2006 to Jasmine for services rendered in November, 2005, well after the contract had supposedly ended. (Invoice #1017 in Appendix 3) Jasmine continued services through February 27, 2006.

Jasmine has adequately performed its duties under contract #W912D1-04-P-0931, which was cancelled prematurely for convenience or due to the proposed debarment. ARCENT-KU has failed to pay Jasmine for services rendered on the contract and is entitled to just compensation.

TOTAL CLAIM AMOUNT

As demonstrated by invoices submitted as Appendices 3 and 4; and in accordance with the contract and its modification as reproduced in Appendices 1 and 2, the rate of payments were intended to be as follows:

**EXCHANGE RATE WAS $3.46 FOR 1.000 KWD ON MAY 18, 2006**

| | | | |
|---|---|---|---|
| CLIN 0002 | Invoice #1016 | $ 165,372.08 | 47795.399 KWD |
| | Invoice #1017 | $ 7,982.87 | 2,307.188 KWD |
| | Invoice #1018 | $ 165,372.08 | 47795.399 KWD |
| CLIN 0003 | Invoice #1019 | $ 165,372.08 | 47795.399 KWD |
| | Invoice #1020 | $ 144,033.75 | 41628.251 KWD |
| **BASE CLAIM*(INVOICED):** | | **$ 648,132.86** | **187,321.636 KWD** |
| **FULL CONTRACT PERFORMANCE:** | | | |
| 62 days left on CLIN 0003 | | | |
| 3.7kwd per day x 421 latrines x 62 days | | **$ 334,004.50** | **96,533.092 KWD** |
| **SETTLEMENT COSTS:** | | **$ 10,000.00** | **2890.173 KWD** |
| | **TOTAL CLAIM:** | **$ 992,137.36** | **286744.901 KWD** |

***INTEREST PER F.A.R. NEEDS TO BE ALSO PAID BY ARCENT-KU**

OFFER OF SETTLEMENT

Basic contract law allows for reimbursement of costs and lost profits in cases where one party has breached a contract. Here, ARCENT-KU not only breached its contract obligations with Jasmine, but also appears to have terminated the contract for its convenience and/or in response to the proposed debarment of Jasmine.

The FARs allow for reimbursement of costs and lost profits in cases where a contract is terminated for the convenience of the government. FAR Part 49.201(a) states that:

> "A settlement should compensate the contractor fairly for the work done and the preparations made for the terminated portions of the contract, including a reasonable allowance for profit. Fair compensation is a matter of judgment and cannot be measured exactly... The use of business judgment, as distinguished from strict accounting principles, is the heart of a settlement."

This premise has been upheld by the courts. Contract remedies are designed to make the non-breaching party whole. One way to achieve that end is to give the non-breaching party "expectancy damages," *i.e.*, the benefits the non-breaching party expected to receive in the absence of a breach. *Glendale Fed. Bank, FSB v. United States*, 239 F.3d 1374, 1379 (Fed. Cir. 2001), citing Restatement (Second) of Contracts § 344(a) (1981). "The general rule in common law breach of contract cases is to award damages sufficient to place the injured party in as good a position as he or she would have been had the breaching party fully performed." *San Carlos Irrigation & Drainage Dist. v. United States*, 111 F.3d 1557, 1562-63 (Fed. Cir. 1997). Moreover, the damages must have been foreseeable at the time the parties entered the contract, which requires that they "be the natural and proximate result of the breach." *Locke v. United States*, 283 F.2d 521, 526 (Ct. Cl. 1960). It is not the duty of courts to second-guess the terms of a bargained-for exchange. *Aero Spacelines v. United States*, 530 F.2d 324, 354 (Ct. Cl. 1976).

Here, Jasmine met its obligations and fully performed under contract #W912D1-04-P-0931. As a result, it should be awarded full profit allowed under the contract. Jasmine should also be compensated fully for the costs incurred in furtherance of the contract. The contract costs, when added to the unpaid contract profit, totals 286,744.901 KWD. "In negotiating or determining profit, factors to be considered include... the rate of profit that the contractor would have earned had the contract been completed; [and] The rate of profit both parties contemplated at the time the contract was negotiated." FAR Part 49.202(b)(7), (8).

Additionally, Jasmine believes that ARCENT-KU discontinued making payments on the contract when Jasmine was given notice of a proposed debarment from the U.S. Army. Jasmine denies the allegations made in this proposed debarment and has asserted its opposition. Regardless, ARCENT-KU may not discontinue making payments on existing contracts due to a proposed debarment under FAR 9.405-1, which states the following:

> (a) Notwithstanding the debarment, suspension, or proposed debarment of a contractor, agencies may continue contracts or subcontracts in existence at the time the contractor was debarred, suspended, or proposed for debarment unless the agency head directs otherwise. A decision as to the type of termination action, if any, to be taken should be made only after review by agency contracting and technical personnel and by counsel to ensure the propriety of the proposed action.
>
> (b) For contractors debarred, suspended, or proposed for debarment, unless the agency head makes a written determination of the compelling reasons for doing so, ordering activities shall not—

(1) Place orders exceeding the guaranteed minimum under indefinite quantity contracts;

(2) Place orders under optional use Federal Supply Schedule contracts, blanket purchase agreements, or basic ordering agreements; or

(3) Add new work, exercise options, or otherwise extend the duration of current contracts or orders.

There is no evidence of an agency head directing ARCENT-KU to discontinue the contract after review by agency contracting and technical personnel or by counsel, nor any written determination specifying any compelling reasons to discontinue the contract.

CONCLUSION

FAR Part 49.201(b) states that "The primary objective is to negotiate a settlement by agreement. The parties may agree upon a total amount to be paid the contractor without agreeing on or segregating the particular elements of costs or profit comprising this amount."

Jasmine fully performed and satisfied its contract obligations under contract #W912D1-04-P-0931 with ARCENT-KU. ARCENT-KU breached this contract by not paying Jasmine for services it rendered and unofficially terminated the contract for its convenience. ARCENT-KU has been unjustly enriched. Jasmine is entitled to full compensation for the services it provided and the costs it has incurred to pursue this matter.

For the forgoing reasons, Jasmine seeks 286,744.901 KWD .

CERTIFICATION

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Ferdinand F. Peters, MN Atty Lic. #157041
Lakes & Plains Office Building
842 Raymond Avenue, Suite 201
St. Paul, Minnesota 55114
(651) 647-6250
Attorney for Jasmine Trading & Service Co.

# Appendix 1

28/09 2004 11:50 FAX 3892333 USACONTRACT KUWAIT 001

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
*OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, AND 30*

1. REQUISITION NUMBER: W9142U41344002
PAGE 1 OF 18

2. CONTRACT NO.: W912D1-04-P-0931
3. AWARD/EFFECTIVE DATE: 28-Sep-2004
4. ORDER NUMBER:
5. SOLICITATION NUMBER: W912D1-04-R-0029
6. SOLICITATION ISSUE DATE: 18-Aug-2004
7. FOR SOLICITATION INFORMATION CALL: a. NAME: JOHN L. COCKERHAM
b. TELEPHONE NUMBER (No Collect Calls): 011-965-389-2136
8. OFFER DUE DATE/LOCAL TIME: 12:00 AM 25 Aug 2004

9. ISSUED BY CODE W912D1
US ARMY CONTRACTING COMMAND SWA-KUWAIT
HQ BUILDING #216
CAMP ARIFJAN, KUWAIT AE 09366
TEL: 430 2336
FAX: 430 2333

10. THIS ACQUISITION IS
[X] UNRESTRICTED
[ ] SET ASIDE: % FOR
[ ] SMALL BUSINESS
[ ] SMALL DISADV. BUSINESS
[ ] 8(A)
SIC:
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED [ ] SEE SCHEDULE
12. DISCOUNT TERMS
[ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING
14. METHOD OF SOLICITATION [ ] RFQ [ ] IFB [X] RFP

15. DELIVER TO CODE
**SEE SCHEDULE**

16. ADMINISTERED BY CODE DASA02
ARCENT-KU-CONTRACTING OFFICE
US ARMY CENTRAL COMMAND-KU
ATTN: DIRECTORATE OF CONTRACTING
APO AE 09366

17a. CONTRACTOR/ OFFEROR CODE SK726
JASMINE TRADING & SERVICE CO
DIAA AHMED SALEM
P.O. BOX 1900
HAWALLI AE 3218
TEL. 9791068
FACILITY CODE

18a. PAYMENT WILL BE MADE BY CODE S09076
ARCENT-KU-FINANCE SUPPORT UNIT
ATTN: COMMERCIAL ACCOUNTS
FAX: 965-488-5219; PHONE 965-488-2051
APO AE 09889-9900

[ ] 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER
18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a. UNLESS BLOCK BELOW IS CHECKED [ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | **SEE SCHEDULE** | | | | |

25. ACCOUNTING AND APPROPRIATION DATA
**See Schedule**
26. TOTAL AWARD AMOUNT: KWD171,880.00

[ ] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1. 52.212-4. FAR 52.212-3. 52.212-5 ARE ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED
[X] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [X] ARE [ ] ARE NOT ATTACHED

[ ] 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

[X] 29. AWARD OF CONTRACT: REFERENCE OFFER DATED . YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS: SEE SCHEDULE

30a. SIGNATURE OF OFFEROR/CONTRACTOR: [signature]
31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER): [signature] Gloria D. Davis
31c. DATE SIGNED: 28-Sep-2004

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT): Diaa Salem
30c. DATE SIGNED: 29-09-04
31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT): Gloria D. Davis / Contracting Officer
TEL: 011-965-389-2335 EMAIL: gloria.davis@arifjan.arcent.army.mil

32a. QUANTITY IN COLUMN 21 HAS BEEN
[ ] RECEIVED [ ] INSPECTED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED
33. SHIP NUMBER [ ] PARTIAL [ ] FINAL
34. VOUCHER NUMBER
35. AMOUNT VERIFIED CORRECT FOR

32b. SIGNATURE OF AUTHORIZED GOVT. REPRESENTATIVE
32c. DATE
36. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL
37. CHECK NUMBER
38. S/R ACCOUNT NUMBER
39. S/R VOUCHER NUMBER
40. PAID BY

41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT
41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER
41c. DATE
42a. RECEIVED BY (Print)
42b. RECEIVED AT (Location)
42c. DATE REC'D (YY/MM/DD)
42d. TOTAL CONTAINERS

AUTHORIZED FOR LOCAL REPRODUCTION
STANDARD FORM 1449 (10-95)
Prescribed by GSA
FAR (48 CFR) 53.212

Section SF 1449 - CONTINUATION SHEET

STATEMENT OF WORK

# STATEMENT OF WORK (SOW)

## Portable Latrine Lease and Maintenance

1. Scope: The Contractor will provide a maximum of 900 portable latrine units and provide maintenance, supplies and service and cleaning of units.

2. The Contractor must quote using a price per day cost per latrine for quanities of 100, 200, 300, 400 or 500 latrines to be placed at Camp Arifjan. The Contractor must have the ability to place the entire 900 latrines if awarded a contract. The Contractor will provide all materials, equipment and labor necessary for provision of services described in this statement of work.

3. Period of Performance: The Contractor will deliver portable latrines within 10 days of receipt of the order. The period of performance of this Statement of Work will start on 30Sep 04 and end 1 Feb 05.

3.0 Technical Specifications: The Contractor will provide fully enclosed outdoor type portable latrines with the following specifications:

3.1. Each latrine will be fully enclosed with a cabana constructed of materials impervious to chemicals and waste. All hardware, including latches, chains, locks and hinges will be made from corrosion resisting steel, brass or carbon steel (carbon steel will be zinc, cadmium or chrome plated). All metals will be similar so as to reduce or inhibit electrolytic corrosion.

3.2. Each latrine will have a urinal and a toilet seat. The seat may be either open front design or molded into the tank. The urinals and connected plumbing will be manufactured of materials impervious to chemicals and waste. The spouthose connecting the urinal and tank will be a minimum of 3/4 inch in diameter.

3.3. Each latrine will have a minimum 50-gallon tank assembly constructed of materials impervious to chemicals and waste and have a smooth surface to facilitate cleaning. The tank must have 10-Gallons of water at all times with Green disinfect tablet inserted in each tank to prevent flies, odor.

3.4. The doors will be self-closing and tight fitting with a securely attached interior hook and *eye*, swing and latch or slide bolt-locking mechanism. Door hinges will be one of the following types; piano hinges, butt hinges or heavy-duty spring-loaded hinges. Hinges will be

securely attached and tamper resistant. Springs must be in a coil in the (3) three hinges of the door.

STATEMENT OF WORK (SOW)

3.5. To resist mold, mildew, rot and insect damage, each latrine will be fitted with skids and tank under grid, fabricated from non-corrosive metal or construction grade *pressure* treated wood.

3.6. A minimum vent area to the outside of the latrine through a minimum of 8 inches and a max of 12 inches in diameter. The vent opening and the vent pipe size must match and fit snug and evenly not to leave a space around the vent pipe for insects or rain to enter.

3.7. There will be a minimum of two-screened ventilation areas venting the cabana, each having a minimum of 12 square inches of vent area. The vents will be fitted with a minimum size 16 mesh screening material to keep flies, wasp, insects, etc. out of the latrine.

3.8. Each latrine will be equipped with a two-roll toilet tissue dispenser with toilet tissue placed in the dispenser. Toilet tissue will not be placed on the seat, floor, or anywhere other than in the dispenser. The dispenser will be constructed to prevent "free reeling" of the tissue. Each latrine will be stocked with sufficient rolls of toilet tissue to last between services. Toilet paper will be provided by vendor.

3.9. Each latrine will be equipped with a hand sanitation gel dispenser mounted on the interior wall of the latrine. The dispenser will be filled with an approved fast drying hand-sanitizing gel.

3.10. Each latrine will be tied down separately or in groups using a standard tie down strap or substantial rope connected on each end to rebar type stakes firmly positioned in the ground. The Contractor will provide all tie down, rope and staking equipment.

4. Specific Tasks:

4.1. *Delivery, Movement and Removal.*

4.1.1. Delivery and movement will include set up, positioning and servicing. Removal will include cleaning and elimination. The Contractor will ensure that all portable latrines and equipment delivered under this contract meet the minimum specifications as detailed in the Technical Specifications of this statement of work. All equipment and trucks used in conjunction with delivery, movement and removal will be leak proof and maintained in a clean and presentable condition.

4.1.2. The Contractor will place portable latrines in location designated by the COR. Each latrine will be in serviceable condition. Latrines will be placed on a level surface with the door facing away from prevailing winds.

4.1.3. The Contractor will have the ability to relocate as many as forty (40) latrines within two (2) days of notification by the COR.

4.1.4. Within two (2) days of notification, the Contractor will remove all portable latrines designated as no longer required by the COR.

4.2. *Cleaning.* The Contractor will empty and clean each latrine daily by wiping down interior walls and seat with disinfectant solution (that is nonharmful to the skin and eyes) and will provide steam cleaning reconditioning services once a month. The Contractor will provide all materials, equipment, personnel, chemicals, and cleaning supplies to include using an approved disinfectant. The Contractor will provide a Material Safety Data Sheet to the COR for any chemicals used in this contract. The cleaning services will include the following:

4.2.1. Daily. The Contractor will vacuum sewage from the basin. Debris such as cans, bottles, rags, sticks; etc. will be removed from the waste tank, collected and hauled away for proper disposal. No debris will be allowed to contaminate a 3 meter circumferece around the chemical latrine. The Contractor will be responsible for cleanup of any spills. After all sewage and debris have been removed the Contractor will wash the toilet seat, urinal, and adjacent area around the toilet seat with the approved cleaning solution and remove all built up dirt and waste by scrubbing with a nylon hand brush. The Contractor will fill the empty basin with a mixture of two (2) cups disinfectant solution and ten (10) gallons fresh water.

The Contractor will refill toilet paper dispensers and hand sanitation gel dispensers. The Contractor will leave the area in and around the latrines in a sanitary state.

4.2.2. Monthly. The Contractor will hot water pressure wash each latrine. The hot water pressure washers will have a minimum 1,500-psi with a variable adjustable nozzle. a temperature output of 190 to 200 degrees Fahrenheit, and be equipped with a high-pressure detergent injector. Pressure washing must have sufficient force in conjunction with adequate cleaning solutions to remove built up residues and scale and will include cleaning the inside wall; cleaning the holding tank to remove build up; cleaning the space between the tank, urinal and walls; removal or reduction of graffiti; removal of urinal build up; disinfecting toilet seat, urinal, and door handle and exterior cleaning.

4.2.3. Waste Disposal. Service trucks will have separate storage tanks for holding waste from serviced latrines and potable water for recharging units after cleaning. Each service truck will be equipped with a storage compartment for collecting debris removed from portable latrines during servicing. Hoses used to pump out the tanks and to deposit waste at the manhole will be leak free and pliable. The Contractor will dispose of waste and debris materials collected at Camp Arifjan and surrounding camps. **If the Contractor is found in violation of this requirement, the contract will be terminated immediately.**

4.3. *Maintenance.*

4.3.1. The Contractor will provide maintenance and repair service to all portable latrines delivered and placed on the installation. The Contractor will repair the

The contractor will replace broken or defective door handles and inuse locks, hinges, etc. to maintain the serviceable condition of each unit. The Contractor will repair latrines within twenty-four(24) hours of notification. If a latrine is found not to be repairable, it will be removed from service and replaced with a new latrine within forty-eight (48) hours.

4.3.2. The Contractor will perform periodic maintenance on the latrine units as often as necessary to keep them water tight, fly and insect proof, neat and in a sanitary condition.

5. Acceptance Requirements: The Contractor will notify the COR within 5 days of award of the contract in order to arrange delivery. The Contractor will notify and provide the COR with delivery and removal receipts for each latrine delivered or removed from Camp Arifjan and surrounding camps. The Contractor will notify the COR of completion of the daily and monthly cleanings and will provide the COR an opportunity to inspect. The Contractor will provide monthly service and maintenance reports with their invoices. Each item of equipment or property furnished under this contract will be in safe operational condition. If the Contracting Officer or the Contracting Officer's Representative (COR) determines that any item of equipment or property furnished is not suitable for performance under this contract, the Contracting Officer will promptly inform the Contractor to repair or replace that item of equipment or property within twenty-four (24) hours.

**The vendor must bid on all the option periods. The vendor must use NEW Latrines and must take into consideration that they are bidding on the daily servicing of the latrines also latrines must be checked and cleaned daily.**

**POC for this solicitation is CPT John Cockekrham. Phone 965-389-2136. Email is John.Cockerham@arifjan.arcent.army.mil**

**The Fax is 965-389-2333 Atten CPT Cockerham**

CLAUSES

CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.212-1 | Instructions to Offerors--Commercial Items | JAN 2004 |
| 52.212-4 | Contract Terms and Conditions--Commercial Items | OCT 2003 |
| 52.225-13 | Restrictions on Certain Foreign Purchases | DEC 2003 |
| 52.247-27 | | APR 1984 |

| | | |
|---|---|---|
| 52.236-12 | Cleaning Up | APR 1984 |
| 52.243-1 Alt I | Changes--Fixed Price (Aug 1987) - Alternate I | APR 1984 |
| 52.246-1 | Contractor Inspection Requirements | APR 1984 |
| 52.246-4 | Inspection Of Services--Fixed Price | AUG 1996 |
| 52.246-20 | Warranty Of Services | MAY 2001 |
| 52.249-1 | Termination For Convenience Of The Government (Fixed Price) (Short Form) | APR 1984 |
| 52.249-4 | Termination For Convenience Of The Government (Services) (Short Form) | APR 1984 |
| 252.201-7000 | Contracting Officer's Representative | DEC 1991 |
| 252.209-7001 | | |
| 252,209-7001 | | |
| 252.209-7004 | Subcontracting With Firms That Are Owned or Controlled By The Government of a Terrorist Country | MAR 1998 |
| 252.219-7011 | Notification to Delay Performance | JUN 1998 |
| 252.225-7041 | Correspondence in English | JUN 1997 |
| 252.225-7042 | Authorization to Perform | APR 2003 |
| 252.232-7008 | Assignment of Claims (Overseas) | JUN 1997 |
| 252.233-7001 | Choice of Law (Overseas) | JUN 1997 |

CLAUSES INCORPORATED BY FULL TEXT

52.212-5 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS--COMMERCIAL ITEMS (JUN 2004) (DEVIATION)

(a) Comptroller General Examination of Record. The Contractor agrees to comply with the provisions of this paragraph (a) if the contract was awarded using other than sealed bid, is in excess of the simplified acquisition threshold, and does not contain the clause at 52.215-2, Audit and Records-Negotiation.

(1) The Comptroller General of the United States, or an authorized representative of the Comptroller General, shall have access to the right to examine any of the Contractor's directly pertinent records involving transactions related to this contract.

(2) The Contractor shall make available at its offices at all reasonable times, the records, materials, and other evidence for examination, audit, or reproduction, until 3 years after final payment under this contract or for any shorter period specified in FAR Subpart 4.7, Contractor Records Retention, of the other clauses of this contract. If this contract is completely or partially terminated, the records relating to the work terminated shall be made available for 3 years after any resulting final termination settlement. Records relating to appeals under the disputes clause or to litigation or the settlement of claims arising under or relating to this contract shall be made available until such appeals, litigation, or claims are finally resolved.

(3) As used in this clause, records include books, documents, accounting procedures and practices, and other data, regardless of form. This does not require the Contractor to create or maintain any record that the Contractor does not maintain in the ordinary course of business or pursuant to a provision of law.

(b) Notwithstanding the requirements of the clauses in paragraphs (a), (b), (c), and (d) of this clause, the Contractor is not required to flow down any FAR clause, other than those in paragraphs (i) through (vi) of this paragraph in a subcontract for commercial items. Unless otherwise indicated below, the extent of the flow down shall be as required by the clause--

(i) 52.219-8, Utilization of Small Business Concerns (October 2000) (15 U.S.C. 637(d)(2) and (3)), in all subcontracts that offer further subcontracting opportunities. If the subcontract (except subcontracts to small business concerns) exceeds $500,000 ($1,000,000 for construction of any public facility), the subcontractor must include 52.219-8 in lower tier subcontracts that offer subcontracting opportunities.

(ii) 52.222-26, Equal Opportunity (Apr 2002) (E.O. 11246).

(iii) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (Dec 2001) (38 U.S.C. 4212).

(iv) 52.222-36, Affirmative Action for Workers with Disabilities (Jun 1998) (29 U.S.C. 793).

(v) 52.222-41, Service Contract Act of 1965, as Amended (May 1989), flow down required for all subcontracts subject to the Service Contract Act of 1965 (41 U.S.C. 351, et seq.).

(vi) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (Apr 2003) (46 U.S.C. Appx 1241 and 10 U.S.C. 2631). Flow down required in accordance with paragraph (d) of FAR clause 52.247-64.

(c) While not required, the contractor May include in its subcontracts for commercial items a minimal number of additional clauses necessary to satisfy its contractual obligations.

(End of clause)

52.217-8 OPTION TO EXTEND SERVICES (NOV 1999)

The Government may require continued performance of any services within the limits and at the rates specified in contract. These rates may be adjusted only as a result of revisions to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised more than once, but the total extension of performance hereunder shall not exceed 6 months. The Contracting Officer may exercise the option by written notice to the Contractor within 60 days of the termination of the contract.
(End of clause)

52.217-9 OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000)

(a) The Government may extend the term of this contract by written notice to the Contractor within 60 days of expiration The preliminary notice does not commit the Government to an extension.

(b) If the Government exercises this option, the extended contract shall be considered to include this option clause.

(c) The total duration of this contract, including the exercise of any options under this clause, shall not exceed 48 months.

(End of clause)

52.232-34 PAYMENT BY ELECTRONIC FUNDS TRANSFER---OTHER THAN CENTRAL CONTRACTOR REGISTRATION (MAY 1999)

(a) Method of payment. (1) All payments by the Government under this contract shall be made by electronic funds transfer (EFT) except as provided in paragraph (a)(2) of this clause. As used in this clause, the term "EFT" refers to the funds transfer and may also include the payment information transfer.

(2) In the event the Government is unable to release one or more payments by EFT, the Contractor agrees to either--

(i) Accept payment by check or some other mutually agreeable method of payment; or

(ii) Request the Government to extend payment due dates until such time as the Government makes payment by EFT (but see paragraph (d) of this clause).

(b) Mandatory submission of Contractor's EFT information. (1) The Contractor is required to provide the Government with the information required to make payment by EFT (see paragraph (j) of this clause). The Contractor shall provide this information directly to the office designated in this contract to receive that information (hereafter: "designated office") by NLT 15 Days (the Contracting Officer shall insert date, days after award, days before first request, the date specified for receipt of offers if the provision at 52.232-38 is utilized, or "concurrent with first request" as prescribed by the head of the agency; if not prescribed, insert "no later than 15 days prior to submission of the first request for payment"). If not otherwise specified in this contract, the payment office is the designated office for receipt of the Contractor's EFT information. If more than one designated office is named for the contract, the Contractor shall provide a separate notice to each office. In the event that the EFT information changes, the Contractor shall be responsible for providing the updated information to the designated office(s).

(2) If the Contractor provides EFT information applicable to multiple contracts, the Contractor shall specifically state the applicability of this EFT information in terms acceptable to the designated office. However, EFT information supplied to a designated office shall be applicable only to contracts that identify that designated office as the office to receive EFT information for that contract.

(c) Mechanisms for EFT payment. The Government may make payment by EFT through either the Automated Clearing House (ACH) network, subject to the rules of the National Automated Clearing House Association, or the Fedwire Transfer System. The rules governing Federal payments through the ACH are contained in 31 CFR part 210.

(d) Suspension of payment. (1) The Government is not required to make any payment under this contract until after receipt, by the designated office, of the correct EFT payment information from the Contractor. Until receipt of the correct EFT information, any invoice or contract financing request shall be deemed not to be a proper invoice for the purpose of prompt payment under this contract. The prompt payment terms of the contract regarding notice of an improper invoice and delays in accrual of interest penalties apply.

(2) If the EFT information changes after submission of correct EFT information, the Government shall begin using the changed EFT information no later than 30 days after its receipt by the designated office to the extent payment is made by EFT. However, the Contractor may request that no further payments be made until the updated EFT information is implemented by the payment office. If such suspension would result in a late payment under the prompt payment terms of this contract, the Contractor's request for suspension shall extend the due date for payment by the number of days of the suspension.

(e) Liability for uncompleted or erroneous transfers. (1) If an uncompleted or erroneous transfer occurs because the Government used the Contractor's EFT information incorrectly, the Government remains responsible for--

(i) Making a correct payment;

(ii) Paying any prompt payment penalty due; and

(iii) Recovering any erroneously directed funds.

(2) If an uncompleted or erroneous transfer occurs because the Contractor's EFT information was incorrect, or was revised within 30 days of Government release of the EFT payment transaction instruction to the Federal Reserve System, and--

(i) If the funds are no longer under the control of the payment office, the Government is deemed to have made payment and the Contractor is responsible for recovery of any erroneously directed funds; or

(ii) If the funds remain under the control of the payment office, the Government shall not make payment and the provisions of paragraph (d) shall apply.

(f) EFT and prompt payment. A payment shall be deemed to have been made in a timely manner in accordance with the prompt payment terms of this contract if, in the EFT payment transaction instruction released to the Federal Reserve System, the date specified for settlement of the payment is on or before the prompt payment due date, provided the specified payment date is a valid date under the rules of the Federal Reserve System.

(g) EFT and assignment of claims. If the Contractor assigns the proceeds of this contract as provided for in the assignment of claims terms of this contract, the Contractor shall require as a condition of any such assignment, that the assignee shall provide the EFT information required by paragraph (j) of this clause to the designated office, and shall be paid by EFT in accordance with the terms of this clause. In all respects, the requirements of this clause shall apply to the assignee as if it were the Contractor. EFT information that shows the ultimate recipient of the transfer to be other than the Contractor, in the absence of a proper assignment of claims acceptable to the Government, is incorrect EFT information within the meaning of paragraph (d) of this clause.

(h) Liability for change of EFT information by financial agent. The Government is not liable for errors resulting from changes to EFT information provided by the Contractor's financial agent.

(i) Payment information. The payment or disbursing office shall forward to the Contractor available payment information that is suitable for transmission as of the date of release of the EFT instruction to the Federal Reserve System. The Government may request the Contractor to designate a desired format and method(s) for delivery of payment information from a list of formats and methods the payment office is capable of executing. However, the Government does not guarantee that any particular format or method of delivery is available at any particular payment office and retains the latitude to use the format and delivery method most convenient to the Government. If the Government makes payment by check in accordance with paragraph (a) of this clause, the Government shall mail the payment information to the remittance address in the contract.

(j) EFT information. The Contractor shall provide the following information to the designated office. The Contractor may supply this data for this or multiple contracts (see paragraph (b) of this clause). The Contractor shall designate a single financial agent per contract capable of receiving and processing the EFT information using the EFT methods described in paragraph (c) of this clause.

(1) The contract number (or other procurement identification number).

(2) The Contractor's name and remittance address, as stated in the contract(s).

(3) The signature (manual or electronic, as appropriate), title, and telephone number of the Contractor official authorized to provide this information.

(4) The name, address, and 9-digit Routing Transit Number of the Contractor's financial agent.

(5) The Contractor's account number and the type of account (checking, saving, or lockbox).

(6) If applicable, the Fedwire Transfer System telegraphic abbreviation of the Contractor's financial agent.

(7) If applicable, the Contractor shall also provide the name, address, telegraphic abbreviation, and 9-digit Routing Transit Number of the correspondent financial institution receiving the wire transfer payment if the Contractor's financial agent is not directly on-line to the Fedwire Transfer System; and, therefore, not the receiver of the wire transfer payment.

(End of clause)

52.252-2 CLAUSES INCORPORATED BY REFERENCE (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es):

http//FARSITE.hill.af.mil

(End of clause)

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0001 | | 4 | Months | KWD42,920.00 | KWD171,680.00 |
| | NEW PORTABLE LATRINE LEASE<br>FFP<br>LEASE 400 NEW!!! PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK<br>PURCHASE REQUEST NUMBER: W9142U41344002 | | | | |
| | | | | NET AMT | KWD171,680.00 |

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1001 | | 5 | Months | KWD42,920.00 | KWD214,600.00 |
| OPTION | Portable Latrines | | | | |

FFP
This CLIN is an option and subject to availability of funds. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK

NET AMT KWD214,600.00

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1002 | | 6 | Months | KWD42,920.00 | KWD257,520.00 |
| OPTION | PORTABLE LATRINE LEASE | | | | |

FFP
This CLIN is an option and subject to availability of funds. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK

NET AMT KWD257,520.00

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1003 | | 6 | Months | KWD42,920.00 | KWD257,520.00 |
| OPTION | PORTABLE LATRINE LEASE<br>FFP<br>This CLIN is an option and subject to availability of funds. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK | | | | |

NET AMT KWD257,520.00

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1004 | | 6 | Months | KWD42,920.00 | KWD257,520.00 |
| OPTION | PORTABLE LATRINE LEASE<br>FFP<br>This CLIN is an option and subject to availability of funds. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK | | | | |

NET AMT KWD257,520.00

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1005<br>OPTION | PORTABLE LATRINE LEASE<br>FFP<br>This CLIN is an option and subject to availability of funds. LEASE 400 ! PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK | 6 | Months | KWD42,920.00 | KWD257,520.00 |

NET AMT KWD257,520.00

FOB: Destination

## INSPECTION AND ACCEPTANCE TERMS

Supplies/services will be inspected/accepted at:

| CLIN | INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|---|
| 0001 | Destination | Government | Destination | Government |
| 1001 | Destination | Government | N/A | Government |
| 1002 | N/A | N/A | N/A | Government |
| 1003 | N/A | N/A | N/A | Government |
| 1004 | N/A | N/A | N/A | Government |
| 1005 | N/A | N/A | N/A | Government |

## DELIVERY INFORMATION

| CLIN | DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|---|
| 0001 | POP 28-SEP-2004 TO 28-JAN-2005 | N/A | DIRECTORATE OF LOGISTICS ARIFJAN<br>RAMOS<br>HQ BLDG, ZONE ONE ARIFJAN<br>KUWAIT 09336<br>825-4063<br>FOB: Destination | |
| 1001 | POP 29-JAN-2005 TO 01-JUL-2005 | N/A | N/A<br>FOB: Destination | |

| | | | |
|---|---|---|---|
| 1002 | POP 02-JUL-2005 TO 01-JAN-2006 | N/A | N/A<br>FOB: Destination |
| 1003 | POP 02-JAN-2006 TO 01-JUL-2006 | N/A | N/A<br>FOB: Destination |
| 1004 | POP 02-JUL-2006 TO 01-JAN-2007 | N/A | N/A<br>FOB: Destination |
| 1005 | POP 02-JAN-2007 TO 01-JUL-2007 | N/A | N/A<br>FOB: Destination |

## ACCOUNTING AND APPROPRIATION DATA

AA: 2142020000007620084P135197000026EB832QS2W9142U413440022QS283S09076
AMOUNT: $634,285.65

## CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.247-52 | Clearance and Documents Requirements-Shipments to DOD Air or Water Terminal Transshipment Points | APR 1984 |

## CLAUSES INCORPORATED BY FULL TEXT

52.212-5 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS--COMMERCIAL ITEMS (JUN 2004) (DEVIATION)

(a) Comptroller General Examination of Record. The Contractor agrees to comply with the provisions of this paragraph (a) if the contract was awarded using other than sealed bid, is in excess of the simplified acquisition threshold, and does not contain the clause at 52.215-2, Audit and Records-Negotiation.

(1) The Comptroller General of the United States, or an authorized representative of the Comptroller General, shall have access to the right to examine any of the Contractor's directly pertinent records involving transactions related to this contract.

(2) The Contractor shall make available at its offices at all reasonable times, the records, materials, and other evidence for examination, audit, or reproduction, until 3 years after final payment under this contract or for any shorter period specified in FAR Subpart 4.7, Contractor Records Retention, of the other clauses of this contract. If this contract is completely or partially terminated, the records relating to the work terminated shall be made available for 3 years after any resulting final termination settlement. Records relating to appeals under the disputes clause or to litigation or the settlement of claims arising under or relating to this contract shall be made available until such appeals, litigation, or claims are finally resolved.

(3) As used in this clause, records include books, documents, accounting procedures and practices, and other data, regardless of form. This does not require the Contractor to create or maintain any record that the Contractor does not maintain in the ordinary course of business or pursuant to a provision of law.

(b) Notwithstanding the requirements of the clauses in paragraphs (a), (b), (c), and (d) of this clause, the Contractor is not required to flow down any FAR clause, other than those in paragraphs (i) through (vi) of this paragraph in a subcontract for commercial items. Unless otherwise indicated below, the extent of the flow down shall be as required by the clause--

(i) 52.219-8, Utilization of Small Business Concerns (October 2000) (15 U.S.C. 637(d)(2) and (3)), in all subcontracts that offer further subcontracting opportunities. If the subcontract (except subcontracts to small business concerns) exceeds $500,000 ($1,000,000 for construction of any public facility), the subcontractor must include 52.219-8 in lower tier subcontracts that offer subcontracting opportunities.

(ii) 52.222-26, Equal Opportunity (Apr 2002) (E.O. 11246).

(iii) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (Dec 2001) (38 U.S.C. 4212).

(iv) 52.222-36, Affirmative Action for Workers with Disabilities (Jun 1998) (29 U.S.C. 793).

(v) 52.222-41, Service Contract Act of 1965, as Amended (May 1989), flow down required for all subcontracts subject to the Service Contract Act of 1965 (41 U.S.C. 351, et seq.).

(vi) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (Apr 2003) (46 U.S.C. Appx 1241 and 10 U.S.C. 2631). Flow down required in accordance with paragraph (d) of FAR clause 52.247-64.

(c) While not required, the contractor May include in its subcontracts for commercial items a minimal number of additional clauses necessary to satisfy its contractual obligations.

(End of clause)

# Appendix 2

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE 1 OF 3 PAGES

2. AMENDMENT/MODIFICATION NO.: P00005
3. EFFECTIVE DATE: 27-Jul-2005
4. REQUISITION/PURCHASE REQ. NO.: W9142U41344002
5. PROJECT NO.(If applicable)

6. ISSUED BY CODE W912D1
.S. ARMY CONTRACTING COMMAND SWA-KUWAIT
HQ BLDG 216 ATTN:MR. SCHENK 965-389-2334
CP ARIFJAN AE 09366

7. ADMINISTERED BY (If other than item 6) CODE DASA02
ARCENT-KU-CONTRACTING OFFICE
US ARMY CENTRAL COMMAND-KU
ATTN: DIRECTORATE OF CONTRACTING
APO AE 09366

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
JASMINE TRADING & SERVICE CO
DIAA AHMED SALEM
P.O. BOX 1900
HAWALLI AE 3219

CODE SK726 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MOD. OF CONTRACT/ORDER NO. W912D1-04-P-0931
X 10B. DATED (SEE ITEM 13) 28-Sep-2004

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor ☐ is not, ☒ is required to sign this document and return 1 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
The reason for this MOD is to Exercise Option 1002. The period of performance is adjusted from 6 to 4 months and the quantity is reduced from 750 to 400 latrines. This funding is linked to PR&C (W91PF35113LP02). This MOD is funded from Accounting Line AC

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)
[signature] , Salem Diaa

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
SCHENK, STEPHEN MR. / CONTRACTING OFFICER
TEL: 011-965-389-2334 EMAIL: stephen.schenk@arifjan.arcent.army.mil

15B. CONTRACTOR/OFFEROR
[signature]
(Signature of person authorized to sign)

15C. DATE SIGNED
15 Aug, 05

16B. UNITED STATES OF AMERICA
BY [signature]
(Signature of Contracting Officer)

16C. DATE SIGNED
14-Aug-2005

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

The total cost of this contract was increased by $618,428.57 from $2,306,524.57 to $2,924,953.14.

SUPPLIES OR SERVICES AND PRICES

CLIN 1002

The CLIN extended description has changed from This CLIN is an option and subject to availability of funds. LEASE 750 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK. 3.6kwd per day x 180 days x 750=486000kwd or U.S. ($1,735714.286). to This CLIN is an exercise option for a 4 month extension. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK3.7kwd per day x 117 days x 400= 173,159.99kwd or U.S. ($618,428.57). This Clins is funded by Accounting Line AC..

The pricing detail quantity has decreased by 2.00 from 6.00 to 4.00.
The unit price amount has decreased by KWD37,710.00 from KWD81,000.00 to KWD43,290.00.
The option status has changed from Option to Option Exercised.
The total cost of this line item has decreased by $1,117,285.71 from $1,735,714.28571 to $618,428.57143.

CLIN 1003

The CLIN extended description has changed from This CLIN is an option and subject to availability of funds. LEASE 750 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK3.6kwd per day x 180 days x 750=486000kwd or U.S. ($1,735714.286). to This CLIN is an exercise option for a 4 month extension. LEASE 400 PORTABLE LATRINES TO INCLUDE DAILY CLEANING SERVICES, MAINTENANCE, AND MONTHLY STEAM CLEANING SERVICES. SEE ATTACHED STATEMENT OF WORK3.7kwd per day x 120 days x 400= 177,600kwd or U.S. ($621,600)..

The pricing detail quantity has decreased by 2.00 from 6.00 to 4.00.
The unit price amount has decreased by KWD36,600.00 from KWD81,000.00 to KWD44,400.00.
The total cost of this line item has decreased by $1,101,428.57 from $1,735,714.28571 to $634,285.71429.

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

As a result of this modification, the total funded amount for this document was increased by $618,429.00 from $2,306,524.57 to $2,924,953.57.

Contract Level Funding:

AC: 214222000000762084P13519700002540835RA6W91PF35113LP025RA683S09076

was increased by $618,429.00 from $0.00 to $618,429.00
The contract ACRN AC has been added.

DELIVERIES AND PERFORMANCE

The following Delivery Schedule item for CLIN 1002 has been changed from:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-JUN-2005 TO 30-NOV-2005 | N/A | N/A<br>FOB: Destination | |

Who did ser 4/1/08

To:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-JUN-2005 TO 30-SEP-2005 | N/A | DOL ARIFJAN<br>MAJ TIMOTHY PETTY<br>HQ BLDG 306<br>ARIFJAN AE<br>942-8625<br>FOB: Destination | |

The following Delivery Schedule item for CLIN 1003 has been changed from:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-DEC-2005 TO 31-MAY-2006 | N/A | N/A<br>FOB: Destination | |

Date changed

To:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-OCT-2005 TO 31-MAR-2006 | N/A | N/A<br>FOB: Destination | |

(End of Summary of Changes)

# Appendix 3

www.jasmine-services.com

| Name & Address of the Contractor | INVOICE # 1016 | |
|---|---|---|
| Jasmine International Trading & Services Co.<br>Laila Tower, 14th Floor Office 3<br>P. O. Box: 1077, Salmiya – 22028, Kuwait<br>Cell: 979 1056, Fax: 572 7436 | Invoice Date: 01-Nov-05 | |
| Contract Number | Order | Delivery Date |
| W912D1-04-P-0931 | BPA CALL 0005 | 10-01-05 thru 10-31-05 |

| Description | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| Provision and service of Portable toilet Units (Port-a-Johns) at Camp Arifjan from 1 Oct 05 thru 31 Oct 05. | 421 | Ea. | 3,700 KD | 1557.700 KD per day |
| 421 Latrines x 3.700 KD x 31 days | 31 | days | 1557.700KD | 48288.700KD |
| | Grand Total | | | 48288.700KD |

INVOICE RECEIVED
12 NOV 2005
ARCENT-KU Vendor Pay

Received & Accepted by:

| | | | |
|---|---|---|---|
| Name: | SFC BLACKWELL, TERRENCE | Rank: | SFC/E-7 |
| Unit: | DOL SUPPLY & SERVICE NCOIC | Phone #: | 389-3227 |
| Signature: | [signature] | Date of signature: | 12 Nov 05 |

Electronic Fund Transfer (EFT) Banking & Name/signature of the Contractor and Date
... Information

RR RECEIVED
09 FEB 2006
ARCENT-KU Vendor Pay

CENTRAL COMMAND KUWAIT DOL CAMP ARIFJAN

Dias Salem
CEO
Jasmine International
10 Nov 2005

RR RECEIVED
12 NOV 2005
ARCENT-KU Vendor Pay

INVOICE RECEIVED
09 FEB 2006
ARCENT-KU Vendor Pay

Salmiya - Laila Tower - 14th Floor - Office 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 Fax: +965 5727119 E-mail: info@jasmine-services.com

JIL

| Name & Address of the Contractor | INVOICE # 1017 | | | |
|---|---|---|---|---|
| Jasmine International Trading & Services Co.<br>Laila Tower, 14th Floor Office 3<br>P. O. Box: 1077, Salmiya – 22028, Kuwait<br>Cell: 979 1066, Fax: 572 7436 | Invoice Date: 01-Dec-05 | | | |
| Contract Number: | BPA # | | Delivery Date | |
| W912D1-04-P-0931 | BPA CALL 0005 | | 11-01-05 thru 11-30-05 | |

| Description | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| Provision and service of Portable toilet Units (Port-a-Johns) at Camp Arifjan from 1 Nov 05 thru 30 Nov 05.<br><br>421 Latrines x 3.700 KD x 30 days | 421 | Ea. | 3.700 KD | 1557.700 KD per day<br><br>46731.000 KD |
| RR RECEIVED 07 DEC 2005 ARCENT-KU Vendor Pay | Grand Total | | | 46731.000 KD |

Received & Accepted by:

| | | | |
|---|---|---|---|
| Name: | SFC BLACKWELL, TERRENCE | Rank: | SFC / E-7 |
| Unit: | DOL SUPPLY & SERVICE NCOIC | Phone #: | 980-4874 |
| Signature: | [signature] | Date of Signature: | 7 Dec 05 |

Electronic Fund Transfer (EFT) Banking information: | Signature of the Contractor and Date:

INVOICE RECEIVED
07 DEC 2005
ARCENT-KU Vendor Pay

[signature]
Gene P. Turner
Operations Manager
Jasmine International
01 Dec 05

Received payment only for 400 units.

www.jasmine-services.com

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 Fax: +965 5757119 E-mail: info@jasmine-services.com

JIE

| Name & Address of the Contractor: | INVOICE # 1018 | |
|---|---|---|
| Jasmine International Trading & Services Co.<br>Laila Tower, 14th Floor Office 3<br>P. O. Box: 1077, Salmiya – 22028, Kuwait<br>Cell: 979 1066, Fax: 572 7436 | Invoice Date: 01-Jan-06 | |
| Contract Number: | BPA # | Delivery Date: |
| W912D1-04-P-0931 | BPA CALL 0005 | 12-01-05 thru 12-31-05 |

| Description | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| Provision and service of Portable toilet Units (Port-a-Johns) at Camp Arifjan from 1 Dec 05 thru 31 Dec 05.<br><br>421 Latrines x 3.700 KD x 31 days | 421 | Ea. | 3.700 KD | 1557.700 KD per day<br><br>48288.700 KD |
| | Grand Total | | | 48288.700 KD |

INVOICE RECEIVED
1 0 JAN 2006
ARCENT-KU Vendor Pay

INVOICE RECEIVED
0 9 FEB 2006
ARCENT-KU Vendor Pay

Received & Accepted by:

| | | | |
|---|---|---|---|
| Name: | SFC BLACKWELL, TERRENCE | Rank: | SFC |
| Unit: | DOL SUPPLY & SERVICE NCOIC | Phone #: | 389-3227 |
| Signature: | [signature] | Date of signature: | 10 Jan 06 |

| Electronic Fund Transfer (EFT) banking information: | Name/Signature of the Contractor and Date |
|---|---|
| SFC BLACKWELL, TERRENCE<br>DOL SUPPLY & SERVICE<br>NCOIC | [signature]<br>Gene P. Turner<br>Operations Manager<br>Jasmine International<br>01 Jan 06. |

RR RECEIVED
1 0 JAN 2006
ARCENT-KU Vendor Pay

RR RECEIVED
0 9 FEB 2006
ARCENT-KU Vendor Pay

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWA
Voice: +965 5711262 / 5711282 Fax: +965 5757119 E-mail: info@jasmine-services.com

www.jasmine-services.com

Clh

DEPARTMENT OF THE ARMY
UNITED STATES ARMY FORCES CENTRAL COMMAND
COALITION FORCES LAND COMPONENT COMMAND
266TH FINANCE COMMAND
APO AE 09366

INVOICE RECEIVED
09 FEB 2006
ARCENT-KU Vendor Pay

REPLY TO ATTENTION OF

AEUFC-CDR

MEMORANDUM FOR Yasmine International Trading + Services
Laila Tower 14th Floor Office 8
PO Box 1077 Salmiya 22028
Kuwait

RR RECEIVED
09 FEB 2006
ARCENT-KU Vendor Pay

SUBJECT: Return of Improper Invoices

| 1. INVOICE NUMBER | INVOICE AMOUNT | CONTRACT NUMBER (if applicable) |
| --- | --- | --- |
| 1018 | 48288 700 KD | W912D1-04-P-0931 |

There is not enough funds on the contract in order to pay this invoice. Also, the item that is being billed on the invoice does not match any of the CLINS on the contract.

A.___Name and Address of the Contractor.

B.___Invoice date (the date entered on the invoice by the contractor).

C.___Contract number or other authorization for supplies delivered or services performed including the order number and contract line item number.

D.___Description, quantity, unit measure, unit price, and extended price of supplies delivered or services performed.

E.___Shipping and payment terms (e. g., shipment number and date of shipment, prompt payment discount terms). Bill of lading number and weight of shipment will be shown for shipments on government bills of lading.

F.___Name and address of contractor official to whom payment is to be sent (must be the same as that in the contract or in a proper notice of assignment).

G.___Name, title, phone number, and mailing address of person to be notified in the event

# Appendix 4

شركة الياسمين الدولية للتجارة العامة والمقاولات ذ.م.م.

**Jasmine International General Trading & Contracting Co - W.L.L**

| Name & Address of the Contractor: | INVOICE # 1019 | |
|---|---|---|
| Jasmine International Trading & Services Co.<br>Laila Tower, 14[th] Floor Office 3<br>P. O. Box: 1077, Salmiya – 22828, Kuwait<br>Cell: 979 1066, Fax: 572 7436 | Invoice Date: 03-Feb-06 | |
| Contract Number: | BPA and CLIN # | Delivery Date: |
| W912D1-04-P-0931 | BPA CALL 0005<br>CLIN 1003 | 01-01-06 thru 01-31-06 |

| Description | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| Provision and service of Portable toilet Units (Port-a-Johns) at Camp Arifjan from 1 Jan 06 thru 31 Jan 06.<br><br>421 Latrines x 3.700 KD x 31 days<br><br>Contract POP 02 Jan 06 thru 01 Jul 06 | 421 | Ea. | 3.700 KD | 1557.700 KD per day<br><br>48288.700 KD |
| | Grand Total | | | 48288.700 KD |

| Received & Accepted by: | | | |
|---|---|---|---|
| Name: | | Rank: | |
| Unit: | | Phone #: | |
| Signature: | | Date of signature: | |

| Electronic Fund Transfer (EFT) banking information: | Name/Signature of the Contractor and Date |
|---|---|
| | Stacie L. Dansby<br>Stacie L. Dansby<br>Operations Manager<br>Jasmine International<br>28 Feb 06 |

www.jasmine-services.com

Salmiya - Laila Tower - 14th Floor Office: 2/3 - P.O.Box 1077 Postal Code 22028 Kuwait Voice: +965 5711282 / 5711282/ 5759859/5747347/5757442 - Fax +965 5757119
E-mail. info@jasmine-services.com

شركة الياسمين الدولية للتجارة العامة و المقاولات

JASMINE INTERNATIONAL GEN. TRADING & CONTRACTING CO. W.L.L.

Company

**DAILY LOG SHEET FOR PORT-A-JOHN**
**MONTH OF JANUARY – 2006**

| CONTRACT # W912D1-04-P-0931 | | | | LOCATION : ARIFJAN | | QTY : 421 |
|---|---|---|---|---|---|---|
| DATE | AM | PM | Tissues | Hand sanitaire | Ineternal cleaning | Inspected by : |
| 1-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 2-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 3-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 4-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 5-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 6-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 7-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 8-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 9-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 10-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 11-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 12-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 13-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Kumar |
| 14-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Kumar |
| 15-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 16-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 17-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 18-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 19-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 20-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 21-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 22-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Kumar |
| 23-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Kumar |
| 24-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 25-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 26-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 27-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 28-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 29-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 30-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |
| 31-Jan-06 | ✓ | ✓ | ✓ | α | ✓ | Sobhan |

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 [illegible] 5757119 E-mail: info@jasmine-services.com

شركة الياسمين الدولية للتجارة العامة والمقاولات ذ.م.م.

**Jasmine International General Trading & Contracting Co - W.L.L.**

| Name & Address of the Contractor: | INVOICE # 1020 | |
|---|---|---|
| Jasmine International Trading & Services Co.<br>Laila Tower, 14th Floor Office 3<br>P. O. Box: 1077, Salmiya – 22028, Kuwait<br>Cell: 979 1066, Fax: 572 7436 | Invoice Date: 28-Feb-06 | |
| Contract Number: | BPA and CLIN # | Delivery Date: |
| W912D1-04-P-0931 | BPA CALL 0005<br>CLIN 1003 | 02-01-06 thru 02-27-06 |

| Description | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| Provision and service of Portable toilet Units (Port-a-Johns) at Camp Arifjan from 1 Feb 06 thru 27 Feb 06.<br><br>421 Latrines x 3.700 KD x 27 days<br><br>Contract POP 02 Jan 06 thru 01 Jul 06. | 421 | Ea. | 3.700 KD | 1557.700 KD per day<br><br>42057.900 KD |
| | Grand Total | | | 42057.900 KD |

| Received & Accepted by: | | | |
|---|---|---|---|
| Name: | | Rank: | |
| Unit: | | Phone #: | |
| Signature: | | Date of signature: | |

| Electronic Fund Transfer (EFT) banking Information: | Name/Signature of the Contractor and Date |
|---|---|
| | [signature]<br>Stacie L. Dunsby<br>Operations Manager<br>Jasmine International<br>28 Feb 06 |

www.jasmine-services.com

Salmiya - Laila Tower - 14th Floor Office 2/3 - P.O.Box 1077 Postal Code: 22028 Kuwait - Voice +965 5711262 / 5711282/ 5759859/5747347/5757442 Fax +965 5757119
E-mail info@jasmine-services.com

شركة الياسمين الدولية للتجارة العامة والمقاولات
JASMINE INTERNATIONAL GEN. TRADING & CONTRACTING CO. W.L.L.

**DAILY LOG SHEET FOR PORT-A-JOHN**
**MONTH OF FEBRUARY – 2006**

| CONTRACT # W912D1-04-P-0931 | | | | LOCATION : Arifjan | | QTY : 421 |
|---|---|---|---|---|---|---|
| DATE | AM | PM | Tissues | Hand sanitaire | Internal cleaning | Inspected by : |
| 1-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 2-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 3-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 4-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 5-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 6-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 7-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 8-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 9- Feb -06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 10-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 11-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 12-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Kumar |
| 13-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 14-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 15-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 16-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 17-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 18-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 19-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 20-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 21-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 22-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 23-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Fadli |
| 24-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 25-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 26-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| 27-Feb-06 | ✓ | ✓ | ✓ | X | ✓ | Subhan |
| ~~28-Feb-06~~ | X | X | X | X | X | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22026 KUWAIT
Voice: +965 5711262 / 5711282 Fax: +965 5757119 E-mail: info@jasmine-services.com

شركة الياسمتن الدولية للتجارة العامة و المقاولات

JASMINE INTERNATIONAL GEN. TRADING & CONTRACTING CO. W.L.L.

**DAILY LOG SHEET FOR PORT-A-JOHN**
**MONTH OF FEBRUARY – 2006**

| CONTRACT # W912D1-04-P-0931 | | | | LOCATION : Arifjan | | QTY : 421 |
|---|---|---|---|---|---|---|
| DATE | AM | PM | Tissues | Hand sanitaire | Ineternal cleaning | Inspected by : |
| 1-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 2-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 3-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 4-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 5-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 6-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 7-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 8-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 9- Feb -06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 10-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 11-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 12-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Kumar |
| 13-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 14-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 15-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 16-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 17-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 18-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 19-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 20-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 21-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 22-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 23-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sudhi |
| 24-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 25-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 26-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 27-Feb-06 | ✓ | ✓ | ✓ | ✓ | ✓ | Sobhan |
| 28-Feb-06 | X | X | X | X | X | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 Fax: +965 5757119 E-mail: info@jasmine-services.com

# Appendix 5

DEPARTMENT OF THE ARMY
U.S. ARMY CONTRACTING COMMAND-SOUTHWEST ASIA
UNITED STATES ARMY FORCES CENTRAL COMMAND
APO AE 09366

SFCA-SW-KU

27 February 2006

Jasmine International Trading and Services
P.O. Box 1007
Salmiya, Kuwait 22028

Dear Sir or Madam,

It was recently brought to my attention, that contract number W912D1-04-P-0931 expired 30 September 2005, and your organization has continued to perform services under this contract.

As you are aware, it is the contractor's responsibility to remove its equipment upon the expiration of the contract performance period. Therefore, you are reminded to kindly remove your equipment immediately. Please coordinate the removal of your portable latrines from this installation with the contracting officer's representative, SFC Thompson at 389-3227. If you have any questions please feel free to contact me at 389-3748, or E-mail me at: tony.steinhoff@arifjan.arcent.army.mil.

TONY R. STEINHOFF
CPT, QM
Contracting Officer

**Sent:** Tuesday, February 21, 2006 10:04 AM
**To:** info@jasmine-services.com
**Subject:** W912D1-04-P-0931 Camp Arifjan Portable Latrine Contract
**Importance:** High

Dear Sir or Madam,

I would like to discuss with you the plan for removing the 421 portable latrines you have here under the subject contract as the new vendor supplies theirs. Please contact me at your earliest convenience to make this transition as smooth as possible for all parties concerned and the soldiers that are using the service. I look forward to speaking with you.

V/R,

Tony Steinhoff

TONY STEINHOFF
CPT, QM, 377th TSC
Contracting Officer
DSN: 430-3748
COMM: 965-389-3748
FAX: 3741
CELL: 968-3845

4. 101

# Appendix 6

DEPARTMENT OF THE ARMY
AREA SUPPORT GROUP KUWAIT
APO AE 09366

AFRB-KU-DOL

24 December 2005

MEMORANDUM FOR RECORD

SUBJECT: Access to the ASP/LSA

1. The ASG Kuwait Command DOL is requesting PMO to allow Jasmine Enterprise personnel to have unescorted privileges to the ASP/LSA.

2. Currently there Porta-Johns and ILU's (Individual Latrine Units) located at these locations and Jasmine Enterprise is the company that holds the contract to supply services to them. They are having difficulties entering the areas in a timely manner to give these services, because the guards will not allow them in without an escort.

3. In order for them to complete the services in a timely manner the ASG KU DOL is requesting the following personnal from Jasmine Enterprise be awarded unescorted privileges!

| *Name:* | *Civil ID:* | | |
|---|---|---|---|
| Islam, Nazrul | 269062702552 | 14238 | Driver |
| MD Naimeur Rashid Harun | 278051608337 | 9230 | Laborer |
| Muhinuddin, Aslam Hossain | 272101402323 | 5234 | Laborer |
| Khorshed Alam | 269020105557 | 9485 | Laborer |
| Mohammed Shamim Ahmed | 282021004228 | 9206 | Laborer |
| Syed Ghulam Ghouse | 278010106569 | 9726 | Driver |
| Milon Bhuiyan | 267102102262 | 1597 | Driver |
| Helal, Uddin | 265050309114 | 9248 | Laborer |
| Sobhan, Mohd. Abdus | 257090103348 | 9483 | ~~Laborer~~ Supervisor |
| Sreekumar M. B. | 271050102974 | 7536 | ~~Laborer~~ Supervisor |
| Sudhi, K.V. | 277020503185 | 7136 | ~~Laborer~~ Supervisor |

ASG - KUWAIT PROVOST MARSHAL OFFICE

4. Any questions to this request can be directed to the undersigned @ 430-3227.

TERRENCE L. BLACKWELL
SFC, USA
DOL S&S NCOIC

شركة الياسمتن الدولية للتجارة العامة والمقاولات

Jasmine International Gen. Trading & Contracting Co. W.L.L.

JIT Company

Jasmine International Trading & Services Co. W.L.L
Salmiya-Laila Tower-14th Floor Office: 2/3-POBox 1077
Postal Code: 22028 Kuwait
Voice: +965 5711262/5711282
Fax: +965 5757119

Re: Transmittal Summary Letter
Claim for Compensation for Services Rendered/Contract W912D1-04-P-0931

MAJ Momon,

Sir, the purpose of this letter is to provide the US Army Central Command-KU Directorate of Contracting with information necessary for Jasmine International to receive just compensation for services rendered on contract W912D1-04-P-0931 due to lack of proper documentation on the governments behalf.

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Adjustment Amount: 379,294.400 KD
Contract Number: W912D1-04-P-0931 Port A-Jon Contract

The issue involved that has lead to this claim being filed is stated below for two reasons.

Reason 1

On July 14, 2005, the Government verbally requested JIT Services to begin provisions and services of an additional 21 portal toilets along with the 400 that were currently being serviced for contract W912D1-04-P-0931. This was a verbal request from the government and proper documentation was promised to JIT Services at a later date. By JIT being known for having an outstanding repartation for "Customer Satisfaction", we proceeded with the services immediately depending on the word of a reliable client for proper documentation at a later date. The 21 latrines were left implemented in their designated areas: the scope of work stated in contract W912D1-04-P-0931 was followed under the impression that the amendment would be properly administrated by the government and the issue would be resolved. JIT never received an amendment for the additional 21 latrines to contract W912D1-04-P-0931. JIT is certain that partial documentation was entered into the government system stating that JIT was currently performing provisions and services for 421 latrines, but proper documentation was never submitted to finance for additional funds for the extra 21 latrines. When JIT submitted invoice #1016 for 421 latrines, it was returned unpaid; reason given: **Invoice does not match contract CLIN. All CLINS bill for 750 latrines. Invoice billing for 421. Not able to determine correct CLIN for billing** (ENCL # 1). JIT Services then re-submitted invoice #1016 for 400

شركة الياسمتن الدولية للتجارة العامة و المقاولات

Jasmine International Gen. Trading & Contracting Co. W.L.L.

JIT Company

latrines on February 9, 2006. As of yet, the invoice has not been paid. In my conversations with CPT Steinhoff, he mentioned several times that JIT was performing the provisions and services for 421 portal toilets. Also, why would NCOIC SFC Terrence Blackwell sign invoice #'s 1016,1017,1018, for services on 421 latrines if the government had not ask to increase it from 400 to 421(ENCL#2 copies of signed invoices from SFC Blackwell). JIT Services requested several meetings with the government to discuss and resolve payment issues pertaining to the servicing of the additional 21 latrines (ENCL# 3). JIT Services is seeking additional payments for the service of 21 latrines on invoices 1016, 1017, 1018, and full payment for 421 latrines on invoice's 1019, & 1020.

Supporting documentation, including explanations for reason # 1

ENCL# 0: copy of contract W912D1-04-P-0931
ENCL #1: copy of invoice submitted and reason for non-payment for invoice
ENCL #2: e-mails from JIT to the COR requesting meetings to discuss payment Issues
ENCL #3: copies of signed invoices from SFC Blackwell stating that service was rendered on 421 latrines
ENCL#4: e-mail from COR stating that JIT had to remove 421 latrines from the Camp.

Cost Breakdown

Quantity x Unit Price x the Amount of Days= Net Amount

| Example | Quantity | Unit | Unit Price | Net Amount |
|---|---|---|---|---|
| | 421 | Ea. | 3.700KD | 1557.700KD |
| 421 Latrines x 3.700KD x 31 days | | | | 48288.7000KD |

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 ': info@jasmine-services.com

شركة الياسمتن الدولية للتجارة العامة و المقاولات

Jasmine International Gen. Trading & Contracting Co. W.L.L.

JIT Company

Reason 2

This protest is in reference to contract W912D-04-P-0931 termination of services before contract expiration due date CLIN 1003, POP 02-Jan-2006 to 01-Jul-2006. Also this protest is in reference to contract W912D-04-P-0931 to full payment for CLIN 1003.

JIT Services was awarded contract W912D-04-P-0931 in September 2004, the original contract clearly states that CLIN 0001 is only for four months. The contract's start date was as follows:

CLIN 0001
Delivery Date: POP 28-Sep-2004 to 28-Jan-2005
JIT Services received a verbal NTP with CLIN 1001 from the COR.
CLIN 1001
Delivery Date: POP 29-Jan-2005 to 01-Jul-2005
CLIN 1002
Delivery Date: POP 02-Jul-2005 to 01- Jan-2006
Amendment that JIT has in our records is amendment mod# P00005 dated 7-27-05.
CLIN 1003
Delivery Date; 02-Jan-2006 to 01-Jul-2006

JIT Services was told by the COR that JIT was to proceed with CLIN's 1002 and 1003. No amendment to the contract was given to JIT, when JIT submitted invoices to the finance department, there were no payment issues. CLIN's 1001 and 1002 were being paid until the additional 21 latrines become involved. JIT was paid for CLIN 1001, partial payments on CLIN 1002 and had started providing services on CLIN 1003.

On February 27, 2006, an email was sent via e-mail and fax to JIT Services stating that contract number W912D1-04-P-0931 ended on September 30, 2005 and JIT Services was to remove all latrines from Camp Arifjan immediately. JIT's argument is if contract W912D1-04-P-0931 ended on September 30, 2005 why would the government continue to let services be provided on Camp Arifjan by JIT? Would the supervisor for JIT on Camp Arifjan continue to receive memos from different sectors of the military requesting movement of port-a Jon's? Some type of notification by mail or e-mail should have been sent to JIT 30 days prior to the contract ending. Why was there no contract for CLIN 1001, 1002 and 1003 awarded to any other vendor? It was not awarded due to the COR's decision to continue to let JIT perform the outstanding services. I feel that everything was fine and Jasmine would have not had any problems if it was not due to the manager at Future Services creating vicious rumors and false allegations about Jasmine International Trading & Services Co. JIT Services is seeking full payment for CLIN line item 1003 for contract W912D1-04-P-0931.

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711 mail: info@jasmine-services.com

شركة الياسمتن الدولية للتجارة العامة و المقاولات

Jasmine International Gen. Trading & Contracting Co. W.L.L.

JIT Company

Supporting Documents

ENCL#1 copy of modification to contract
ENCL#2 fax from COR informing Jasmine to come and remove latrines ASAP
ENCL#3 copies of invoices paid after Sep 2005 on contract W912D1-04-P-0931
ENCL#4 memos's dated after the contract had supposally ended on 30-Sep-2005, given out from army personal on Camp Arifjan in reference to moving Port a Jons around to different locations
ENCL#5 copy of invoices that need to be paid

**Company Information**

Jasmine International Trading and Service Co. W.L.L
Duns# 53515-1054, NCAGE CODE# SK 726
Salem Al Mubarek St.
Laila Towers, 14th Floor Office 3
Salmiya, Kuwait 22028

**Bank and EFT Information**

Bank Name: National Bank of Kuwait--- Doha Branch
Account Name: Jasmine International Trading & Services
Bank Account Number:
Swift Code: NBOK-KWKW
Contact Name: Ms. Kausar +965 4864931 fax: +965 4874696

**Acronyms**

| | |
|---|---|
| US | United States |
| JIT | Jasmine International Trading Co. |
| KU | Kuwait |
| NTP | Notice to Proceed |
| DOL's | Director of Logistics |
| GO | Government Owned |
| COR | Contracting Officer Representative |
| CPT | Captain |
| NCOIC | Noncommissioned Officer In Charge |
| SFC | Sergeant First Class |

Regards,
Stacie

Stacie Dansby
Operations Manager

شركة الياسمتن الدولية للتجارة العامة والمقاولات

Company

**Jasmine International Gen. Trading & Contracting Co. W.L.L.**

Jasmine International Trading Co.

Salmiya - Laila Tower - 14th Floor - Office: 2/3 - P.O.Box: 1077 - PostalCode: 22028 KUWAIT
Voice: +965 5711262 / 5711282 'l: info@jasmine-services.com