ORIGINAL

FILED
MAR 13 2008
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JASMINE INTERNATIONAL TRADING & SERVICES, CO. W.L.L.,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

No. ______________

Judge: ______________

08-164 C

**COMPLAINT**

Plaintiff Jasmine International Trading & Services, Co. W.L.L., ("Jasmine"), through its undersigned counsel, files this Complaint against the United States Army Contracting Command SWA-Kuwait ("ARCENT-KU") and alleges as follows:

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609(a)(1).

2. Jasmine is a foreign, for-profit corporation. It is the awardee of multiple of contracts with ARCENT-KU and thus a proper "contractor" under the Contract Disputes Act, 41 U.S.C. § 601(4).

3. ARCENT-KU is a contracting command within the United States Army, a military department under 5 U.S.C. § 102, and thus, is a proper "executive agency" under the Contract Disputes Act 41 U.S.C. § 601(2).

#1

## FACTUAL BACKGROUND

### A. The Contracts Between Jasmine And ARCENT-KU

The 2004 Contract

4. Jasmine was the contractor on Contract Number W912D1-04-P-0931 with ARCENT-KU, awarded on September 28, 2004, with the period of performance being September 28, 2004 to July 1, 2006 (the "2004 Contract"). Jasmine attaches at **Appendix 1** to **Exhibit "A,"** a true and correct copy of the 2004 Contract. The 2004 Contract is an express agency contract for the procurement of services, and thus, is an "executive agency contract" to which the Contract Disputes Act applies. 41 U.S.C. § 602(a)(2).

5. Pursuant to the 2004 Contract, Jasmine was to perform and deliver latrines in six phases referred to as CLIN 0001, CLIN 1001, CLIN 1002, CLIN 1003, CLIN 1004, and CLIN 1005, each of which had a begin and end date for the services to be performed in that phase.

6. Jasmine performed services pursuant to CLIN 0001. Prior to the expiration of CLIN 0001, Jasmine received a verbal request to proceed with CLIN 1001. Jasmine received payment for CLIN 0001 and CLIN 1001. Prior to the expiration of CLIN 1001, Jasmine received notice to proceed with CLIN 1002 and CLIN 1003. Jasmine received partial payment for services provided pursuant to CLIN 1002 and received no payment for services provided pursuant to CLIN 1003.

7. On or about July 14, 2005, Major John Cockerham of ARCENT-KU ("MAJ Cockerham") verbally requested that Jasmine begin provisions and services for 21 portable toilets in addition to the 400 that Jasmine was servicing pursuant to the 2004 Contract.

8. Jasmine requested and was promised proper documentation at a later date.

9. As requested, Jasmine proceeded to provide and service the additional 21 toilets along with the 400 toilets and submitted invoices for services rendered on 421 toilets.

10. On or about February 27, 2006, Jasmine received a letter ordering it to remove all latrines from Camp Arifjan immediately, claiming the Contract ended on September

30, 2005. Jasmine attaches at **Appendix 5** to **Exhibit "A,"** a true and correct copy of the February 27, 2006 letter. This letter is incorrect and contrary to the Contract, which by its express terms is valid until July 1, 2006. Also, army personnel on-site at Camp Arifjan continued to direct Jasmine via written memos, after the purported end-date of September 30, 2005, requesting services under the 2004 Contract. In January, 2006, ARCENT-KU also made partial payment to Jasmine for services rendered in November, 2005.

11. Jasmine continued to provide services through February 27, 2006 as requested by ARCENT-KU. However, as of February 27, 2006, there remained 62 days left on CLIN 1003. The additional 62 days contracted for would have resulted in $334,004.50 owed to Jasmine.

12. In summary, Jasmine did not receive complete payment for CLIN 1002 or CLIN 1003 (invoice numbers 1016-1020), for services rendered under the 2004 Contract plus the 21 toilets. The total of unpaid invoices is $654,822.29.

<u>The 2005 Contract</u>

13. Jasmine was also the contractor on Contract Number W912D1-06-C-0007 with ARCENT-KU, awarded November 5, 2005, with the period of performance from November 7, 2005 to February 6, 2006 (the "2005 Contract"). Jasmine attaches at **Appendix 1** to **Exhibit "B,"** a true and correct copy of the 2005 Contract. The 2005 Contract is an express agency contract for the procurement of services, and thus, is an "executive agency contract" to which the Contract Disputes Act applies. 41 U.S.C. § 602(a)(2).

14. Pursuant to the 2005 Contract, Jasmine agreed to service and maintain 617 latrines at Camp Arifjan.

15. On or about October 23, 2005, the Contracting Officer Representative from the Directorate of Logistics requested a quote from Jasmine to service 113 additional portable latrines on Camp Arifjan. On October 31, 2005, Jasmine provided a quote for services to MAJ Cockerham. That same day, MAJ Cockerham sent an e-mail accepting Jasmine's quote and instructed Jasmine to proceed immediately with the additional latrines. Jasmine attaches as

**Appendix 2** to **Exhibit "B,"** a true and correct copy of the e-mail exchange on October 31, 2005.

16. Jasmine requested and was promised proper documentation at a later date. Jasmine did not receive proper documentation from ARCENT-KU.

17. As requested, Jasmine proceeded to service the additional 113 toilets along with the 617 toilets and submitted invoices for services rendered on 730 toilets until February 6, 2006.

18. Jasmine sent to ARCENT-KU invoice nos. G-1001 through G-1004, for services rendered pursuant to the 2005 Contract plus the 113 extra toilets. The total amount of $30,633.47 remains unpaid for these invoices.

19. In addition, ARCENT-KU failed to make payments on invoice numbers 3001-3003, for a total of unpaid invoices in the amount of $3,070.21 for repairs Jasmine made to government-owned portable latrines during the months of December, 2005; January, 2006; and February, 2006.

Substantial Performance

20. By February 2006, Jasmine had substantially performed the 2004 Contract and the 2005 Contract.

**B. Debarment Letter**

21. On or about June 2, 2006, Jasmine received a Notice of Debarment from the Army terminating its contracts with Jasmine effective June 2, 2006 through February 26, 2007.

22. Prior to receiving such notice, Jasmine submitted its opposition to the proposed debarment, and explained the error in the charges.

23. Jasmine was reinstated on or about February 26, 2007 and has since been eligible to bid for government contracts.

C. **ARCENT-KU's Contracting Officer Fails To Respond To Jasmine's Claims**

24. On or about November 13, 2006, Jasmine submitted three claims pursuant to 41 U.S.C. § 605(a): (1) "Claim & Settlement Offer For Fixed Price Service Contract # W912D1-04-P-0931" (the "2004 Claim"); (2) "Claim & Settlement Offer For Fixed Price Service Contract # W912D1-06-C-0007" (the "1st 2005 Claim"); and (3) "Claim & Settlement Offer For Fixed Price Service Contract # W912D1-06-C-0007" (the "2nd 2005 Claim"), true and correct copies of which are attached as Exhibit A, B and C, respectively.

25. All three claims were submitted to Major Marcellus Newson ("MAJ Newson").

26. More than sixty days have lapsed since Jasmine submitted the claims with no decision from the Commanding Officer of ARCENT-KU on any of them. 41 U.S.C. § 605(c). Said failure is deemed to be a denial of Jasmine's claim and Jasmine is entitled to commence a suit or appeal. 41 U.S.C. § 605(c)(5). Thus, this action is timely filed with respect to each claim.

**FIRST CAUSE OF ACTION**

**THE CONTRACTING OFFICER'S TERMINATION WAS UNLAWFUL AND A MATERIAL BREACH OF THE 2004 CONTRACT AND THE 2005 CONTRACT**

27. Jasmine realleges and incorporates by this reference, as if set forth in full, paragraphs 1 through 26 of its Complaint.

28. After providing each service pursuant to the 2004 Contract and the 2005 Contract, Jasmine properly invoiced sums due under the contracts.

29. ARCENT-KU failed to make payment for the services rendered.

30. Under Federal Acquisition Regulation 9.405-1, ARCENT-KU may not discontinue making payments on existing contracts due to the alleged debarment.

31. Jasmine is informed and believes, and based thereon alleges, that no

agency head directed ARCENT-KU to discontinue the 2004 Contract or the 2005 Contract after review by contracting and technical personnel as required by Federal Acquisition Regulation 9.405-1. Moreover, Jasmine did not receive any written determination specifying any compelling reasons to discontinue the 2004 Contract or the 2005 Contract. Therefore, it was unlawful for the Army to terminate the contracts and refuse to pay for services rendered.

32. As such, ARCENT-KU's termination of the 2004 Contract and the 2005 Contract as alleged above was unlawful and constituted a material breach of the 2004 Contract and the 2005 Contract.

33. As a direct and proximate result of ARCENT-KU's conduct alleged above, Jasmine has suffered, and will suffer, damages in an amount of no less than $1,015,841.04.

## SECOND CAUSE OF ACTION

## UNPAID CONTRACT BALANCE

34. Jasmine realleges and incorporates by this reference, as if set forth in full, paragraphs 1 through 32 of its Complaint.

35. ARCENT-KU has improperly withheld from payment to Jasmine $1,015,841.04 in earned contract balances under each contract. ARCENT-KU is liable to Jasmine in such amount together with prejudgment interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Jasmine respectfully requests as follows:

1. For judgment against the United States Army for a minimum amount of $1,015,841.04;

2. For compensatory damages including all unpaid sums due to Jasmine;

3. For interest on the claims set forth herein computed in accordance with 41 U.S.C. § 611; and

4. For such other and further relief as the Court determines may be just and proper.

DATED: March 12, 2008

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP

By Judy M. Lam

Judy M. Lam
Dreier Stein Kahan Browne Woods George LLP
1620 26th Street, Sixth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310/828-9050
Facsimile: 310/828-9101
Attorneys for Plaintiff
JASMINE INTERNATIONAL TRADING &
SERVICES, CO. W.L.L.